UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL L. WININGER, JR., : | CIVIL ACTION |
|     Plaintiff : | NO.  3:02 CV747 (WWE) |
| V. : | |
| KEVIN SEARLES : | |
| R. LEON CHURCHILL, JR | |
|     Defendants. : | JULY 21, 2004 |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

<u>Date Complaint Filed</u>:  April 30, 2002

<u>Date Complaint Served</u>:  April 30, 2002

<u>Date of Defendants' Appearances</u>:  May 15, 2002

    Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(e), defense counsel conferred with counsel for the Plaintiff and circulated drafts of this report to prepare and file an agreed upon report as required by Rule 26(f).

    The participants were:

    Kevin R. Brady, counsel for the defendants and

    Alyssa Vigue, counsel for the Plaintiff.

## I.    Certification

    The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in

1

consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

    A.    <u>Subject Matter Jurisdiction</u>:

This action arises under Title 42 U.S.C. § 1983 and the 14th Amendment of the United States Constitution. This Court's jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, § 1343, § 1657, § 2201 and § 2202. The Plaintiff further invokes Title 28 U.S.C. § 1367 regarding pendant jurisdiction over this Court to hear and decide claims arising state common law.

    B.    <u>Personal Jurisdiction:</u>

Personal jurisdiction is not contested.

## III. Brief Description of Case

    A.    <u>Claims of Plaintiff</u>

The Plaintiff, Russell L. Wininger, Jr., was hired by the Windsor Police Department on September 19, 1995. The Plaintiff claims that he received exceptional evaluations throughout his employment with the Windsor Police Department. In May, 1999, the Plaintiff applied for a promotion to Sergeant, but did not receive the promotion. The Plaintiff alleges that he was ranked third out of five applicants. The Plaintiff claims that a white female, Tammy Mendolis, was promoted to Sergeant, despite being ranked fourth. The Plaintiff claims that he was not promoted based on

discriminatory and unconstitutional reasons.  The Plaintiff, as a white male, claims that he has been treated differently than those similarly situated by the Defendants, in that two times the Plaintiff had applied for a promotion to Sergeant, he has been denied the promotion despite ranking higher on the Sergeant exam than those who have been promoted.  The Plaintiff claims that a female was promoted instead of the Plaintiff although the Plaintiff ranked higher than her on the Sergeant exam.  As such, the Plaintiff claims that the Defendants abridged his right to equal protection secured by the Fourteenth Amendment of the United States Constitution.   As enforced through Title 42 U.S.C. § 1983.

    B.    <u>Defenses and Claims of Defendant</u>

The Defendants generally deny all material allegations of the Complaint.  Moreover, the Defendants assert that the Plaintiff has failed to state a claim for a civil rights violation based on alleged discriminatory conduct regarding his gender under the factual circumstances of this case.  The Defendants deny that they discriminated against the Plaintiff based upon his gender and at all times treated the Plaintiff in a legitimate non-discriminatory matter.

**IV.**    **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that they are unable to agree on any undisputed facts at this time.

**V.    Case Management Plan**

    A.    <u>Standing Order on Scheduling in Civil Cases</u>

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    B.    <u>Scheduling Conference With the Court</u>

The parties do not request a pre-trial conference with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    <u>Early Settlement Conference</u>

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.    The parties do not request an early settlement conference.

3.    The parties prefer a settlement conference with a magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution.

    D.    <u>Joinder of Parties and Amendment of Pleadings</u>

1.    Plaintiff should be allowed to until **July 30, 2004**, to file motions to join additional parties and until **July 30, 2004** to file motions to amend the pleadings.

2.    Defendants should be allowed to until **August 15, 2004**, to file motions to join additional parties and until **August 15, 2004** to file a response to the complaint.

E.   Discovery

1.   The parties anticipate that discovery will be needed on the following subjects:

For the Plaintiff

All issues fairly arising out of the claims contained in Plaintiff's Complaint including, but not limited to, the conduct of the Plaintiff and Defendants; responses of the Defendants to Plaintiff's conduct; and any investigations by the Defendants or their agents regarding Plaintiff's allegations.

For the Defendants

The Defendants will seek discovery regarding the Plaintiff's employment history including, but not limited the Plaintiff's application for a promotion to the position of Sergeant, the Plaintiff's performance history, verbal and written warnings issued to the Plaintiff and his ability to perform the job functions of Sergeant with the Windsor Police Department.

2.   All discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26 (b)(4), will be commenced immediately and shall be completed by **December 31, 2004.**

3.   Discovery will not be conducted in phases.

4.   Discovery will be completed by **December 31, 2004**.

5.   The parties anticipate that the Plaintiff will require a total of four (4) depositions of fact witnesses, and that the defendants will require a total of three (3)

5

depositions of fact witnesses. The depositions will commence immediately and be completed no later than **December 31, 2004**.

      6.    The parties will not request permission to serve more than twenty-five (25) interrogatories.

      7.    The Plaintiff has not yet determined whether it will call expert witnesses at trial. The Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **September 30, 2004**. Depositions of any such experts will be completed by **November 1, 2004.**

      8.    The defendants have not determined whether they intend to call any expert witnesses at trial. The defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **October 29, 2004**. Depositions of any such experts will be completed by **November 30, 2004**.

      9.    A damage analysis will be provided by any party who has a claim or counterclaim for damages by **November 1, 2004.**

    F.    <u>Dispositive Motions</u>

Dispositive Motions including motions for Summary Judgment and/or motions for Judgment on the pleadings will be filed on or before **January 31, 2004.**

      G.     <u>Joint Trial Memorandum</u>

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases within thirty days of the Court's ruling on the Defendant's dispositive motion.

**VI.**   **Trial Readiness**

The case will be ready for trial within thirty days following the Court's ruling on the Defendant's dispositive motion.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF,
RUSSELL L. WININGER, JR


By: _____    Date:_____
     Alyssa S. Vigue (ct #_____)
     818 Farmington Ave.
     W. Hartford, CT 06119
     860-523-4055
     Fax: 860-233-4215
     Attorneys for Plaintiff




THE DEFENDANTS,
KEVIN SEARLES
R. LEON CHURCHILL, JR


By: _____    Date:_____
     James M. Sconzo, Esq.
     Fed. Bar No. ct04571 and
     Kevin R. Brady, Esq.
     Fed. Bar No. ct22135 of
     HALLORAN & SAGE, LLP
     One Goodwin Square
     225 Asylum Street
     Hartford, CT 06103
     860-522-6103
     Fax: 860-548-0006

540488.1(HSFP)