**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RUSSELL L. WININGER, JR. | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:02CV747 (WWE) |
| VS. | : | |
| | : | |
| KEVIN SEARLES AND | : | |
| R. LEON CHURCHILL, JR. | : | OCTOBER 8, 2004 |
|     Defendants | : | |

**ANSWER**

The Defendants answer the Plaintiff's May 1, 2002 Complaint as follows:

As to those sections of the complaint entitled "Preliminary Statement," "Nature of Action," and "Jurisdiction," since only legal assertions are made, no response is provided, and the plaintiff, instead, is left to his proof.

**COUNT ONE:**   **Violation of 42 U.S.C. § 1983: Fourteenth Amendment Right to Equal Protection as to all Individual Defendants**

    1.    The allegations in Paragraph One are admitted.

    2.    As to the allegations of Paragraph Two, the Defendants admit that Kevin Searles has been the Chief of the Windsor Police Department at all times relevant to the Complaint. As to the remaining allegations in Paragraph Two, the Defendants lack sufficient information with which to respond, and therefore leave the Plaintiff to his Proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

3. As to the allegations of Paragraph Three, the Defendants admit that Leon Churchill was the Town Manager at all times relevant to the Complaint after January 1999. As to the remaining allegations in Paragraph Three, the Defendants lack sufficient information with which to respond, and therefore leave the Plaintiff to his Proof.

4. The allegations in Paragraph Four are admitted.

5. As to the allegations of Paragraph Five, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

6. As to the allegations of Paragraph Six, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

7. As to the allegations of Paragraph Seven, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

8. As to the allegations of Paragraph Eight, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

9. The allegations in Paragraph Nine are admitted.

10. As to the allegations of Paragraph Ten, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

11. As to the allegations of Paragraph Eleven, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

12. As to the allegations of Paragraph Twelve, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

13.   As to the allegations of Paragraph Thirteen, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

14.   As to the allegations of Paragraph Fourteen, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

15.   As to the allegations of Paragraph Fifteen, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

16.   As to the allegations of Paragraph Sixteen, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

17.   The allegations in Paragraph Seventeen are admitted.

18.   As to the allegations of Paragraph Eighteen, the Defendants admit that Tammy Medonis, a white female, was promoted to sergeant in 2000.  The Defendants admit that Ms. Medonis was ranked fourth among the applicants according to her written and oral exams and employee profile scoring.  The remaining allegations in Paragraph Eighteen are denied.

19.   The allegations in Paragraph Nineteen are denied.

20.   The allegations in Paragraph Twenty are admitted.

21.   As to the allegations of Paragraph Twenty-One, the Defendants admit that the Defendant was not promoted to sergeant in 2000.  The Defendants admit that the Plaintiff was ranked number one on the oral boards and number two on the written exam.  The Defendants admit that the successful candidate was ranked fourth among the applicants according to their written and oral exams and employee profile scoring.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

22.     As to the allegations of Paragraph Twenty-Two, the Defendants deny that the criteria used by the Chief was not part of the personnel rules or the contract.  As to the remaining allegations of Paragraph Twenty-Two, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

23.     The allegations in Paragraph Twenty-Three are denied.

24.     The allegations in Paragraph Twenty-Four are denied.

25.     As to the allegations of Paragraph Twenty-Five, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

26.     The allegations in Paragraph Twenty-Six are denied.

27.     The allegations in Paragraph Twenty-Seven are denied.

28.     As to the allegations of Paragraph Twenty-Eight, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

29.     As to the allegations of Paragraph Twenty-Nine, the Defendants lack sufficient information with which to respond and therefore leave the Plaintiff to his proof.

30.     The allegations in Paragraph Thirty are a legal conclusion that does not require an admission or denial.

31.     The allegations in Paragraph Thirty-One are denied.

32.     The allegations in Paragraph Thirty-Two are denied.

33.     The allegations in Paragraph Thirty-Three are denied.

34.     The allegations in Paragraph Thirty-Four are denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

35. The allegations in Paragraph Thirty-Five are denied.

36. The allegations in Paragraph Thirty-Six are denied.

37. The allegations in Paragraph Thirty-Seven are denied.

38. The allegations in Paragraph Thirty-Eight are denied.

**SECOND COUNT: Violation of § 1983 as to All Defendants (14th Amendment Violation – Property Right and Due Process)**

1. The Defendants' answers to Paragraphs 1 through 38 of the First Count are hereby made their answers to Paragraph One of this Second Count.

2. The allegations in Paragraph Two are denied.

3. The allegations in Paragraph Three are denied.

4. The allegations in Paragraph Four are denied.

5. The allegations in Paragraph Five are denied.

6. The allegations in Paragraph Six are denied.

7. The allegations in Paragraph Seven are denied.

**THIRD COUNT: Intentional Infliction of Emotional Distress as to all Individual Defendants**

1. The Defendants' answers to Counts One and Two are hereby made their answers to Paragraph One of this Third Count.

2. The allegations in Paragraph Two are denied.

3. The allegations in Paragraph Three are denied.

4. The allegations in Paragraph Four are denied.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

5.  The allegations in Paragraph Five are a legal conclusion that does not require an admission or denial.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

Some or all of the Plaintiff's claims are time-barred.

**THIRD AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

Upon information and belief, the Plaintiff has failed to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

The Defendants hereby reserve the right to add additional affirmative defenses as the may become known to them during the course of discovery.

**FIFTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

The Defendants are entitled to qualified, governmental, legislative immunity and/or other immunities.

**SIXTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

The Plaintiff has failed to exhaust the grievance and arbitration provisions contained in a collective bargaining agreement.

**SEVENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

Any and all losses allegedly sustained by the Plaintiff are the direct and proximate result of the Plaintiff's own negligence.



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**EIGHTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

The Plaintiff has failed to provide adequate statutory notice.

**NINTH AFFIRMATIVE DEFENSE AS THE FIRST AND SECOND COUNTS**

The Defendants are entitled to the "same actor" defense.

**TENTH AFFIRMATIVE DEFENSE AS TO ALL COUNTS**

The Defendants' actions are privileged.

>
> DEFENDANTS,
> KEVIN SEARLES AND
> R. LEON CHURCHILL, JR.
>
>
> BY: _____
> Jonathan C. Sterling, Esq.
> Fed. Bar No. ct24576
> HALLORAN & SAGE LLP
> One Goodwin Square
> Hartford, CT  06103
> Tele: (860) 522-6103
> Their Attorney

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 8th day of October, 2004, the foregoing was either mailed, postpaid, or hand-delivered to:

Erin O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119

602196_1.DOC

_____
Jonathan C. Sterling

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105