**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RUSSELL L. WININGER, JR. | : | CIV. ACTION NO. |
|     Plaintiffs, | : | 3:02 CV 747 (WWE) |
| | : | |
| v. | : | |
| | : | |
| KEVIN SEARLES AND | : | |
| R. LEON CHURCHILL, JR. | : | |
|     Defendants | : | NOVEMBER 2, 2005 |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES AND PRODUCTION REQUESTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure the defendants, Kevin Searles and R. Leon Churchill, Jr., by and through their attorney, hereby object to the Plaintiff's Supplemental Interrogatories and requests for Production dated October 21st, 2005. The discovery sought is overly broad and infringes upon the privacy rights of the non party employees of the police department in violation of the privacy laws of the State of Connecticut. Disclosure of such information without consent would subject the defendants to civil liability. Further, the basis for the Court's granting of the plaintiff's request to reopen discovery was for the limited purpose of permitting the plaintiff's counsel to request information concerning the individuals who were promoted instead of the plaintiff. As such any records pertaining to individuals who were not promoted in either 1999 or 2000 would be entirely irrelevant and beyond the scope of Magistrate Fitzsimmons' order. Further,

much of the information sought has absolutely no relevance to the claims of the plaintiff and could not possibly lead to the discovery of admissible evidence. Finally any information relating to medical, financial or other matters of a highly personal nature should be redacted from the personnel files in accordance with the defendant's request for an In Camara Review.

**INTERROGATORIES**

1. Please identify each individual who has been appointed and/or promoted to the position of Sergeant in the Windsor Police Department since the date that the Plaintiff became employed as a Police Officer with the Windsor Police Department. With respect to each individual identified in response to this interrogatory, please provide their name, date of hire by the Windsor Police Department, and the date of appointment and/or promotion to the position of Sergeant in the Windsor Police Department.

**OBJECTION**:

The defendants object to the disclosure sought because the plaintiff's requests are made beyond the permitted discovery deadlines. At a telephone conference held on

October 11th, 2005 the plaintiff's attorney requested an opportunity to re-open discovery for the limited purposes of obtaining the personnel files of the individuals who were chosen for promotion instead of the plaintiff.  Magistrate Judge Fitzsimmons, permitted the re-opening of discovery for this limited purpose.  The plaintiff's requests are far broader than this limited purpose and seek discovery involving several employees who have absolutely no connection to the sergeant promotions of 1999 and 2000.  As such any these requests are beyond the scope of Court's orders and therefore are beyond the discovery deadline and should not be permitted.

Further, the defendants object to this interrogatory as it is unduly broad in scope and time, is contrary to the privacy laws of the State of Connecticut and does not seek information which could possibly lead to admissible evidence.  The information sought is of a highly personal nature and its disclosure would constitute an invasion of privacy of the involved officers.  Connecticut general Statutes 31-128f limits the information that may be disclosed by an employer absent the written authorization of an employee.

Further neither the Windsor Police Department nor the Town of Windsor is a defendant in this action.  The defendants Searles and Churchill do not own or possess any of the personnel files of the police officers in question and as such they cannot legally produce the personnel files.

Finally, the information sought in regard to officers that were promoted to sergeant at any time other than the May 1999 or November 2000 is entirely irrelevant.  The interrogatory requests information concerning police officers who were promoted to sergeant at any time after the plaintiff began his employment in 1995.  This would encompass individuals who were promoted before the plaintiff even applied for a promotion in 1999.  It would also include individuals who were promoted to sergeant since November 2000 when the plaintiff did not even apply.  As such these individuals have no connection to this action and the plaintiff's request cannot possibly lead to the discovery of admissible evidence.

**DOCUMENT REQUESTS**

1. Please produce a complete copy of the personnel file for each individual identified in response to the foregoing interrogatory.

**OBJECTION**

The defendants object to this request in that it requests information that is not within their possession or control and which they do not have a right to produce.  The Windsor Police Department and the Town of Windsor are not parties to this action.  The defendants Searles and Churchill are town employees and as such they do not own or possess the subject personnel files and do not have the right to produce the files of other town

employees.  Production of any of the subject files by these defendants without the permission of the employees may subject these defendants to civil liability.  Further the plaintiff would likely not even be entitled to the records pursuant a Freedom of Information request.  Section 1-210(b) of the Freedom of Information Act states in relevant part:

(b) Nothing in the Freedom of Information Act shall be construed to require disclosure of . . .(2) personnel or medical files and similar files the disclosure of which would constitute an invasion of privacy.

Therefore, as the plaintiff would not be entitled to obtain the personnel records directly from the municipality pursuant to an FOIA request he cannot possibly obtain them from the two defendants, neither one of whom owns the subject records.

Further, as indicated above the information sought is beyond the scope of the limited discovery that the plaintiff has been granted to seek.  The plaintiff is seeking the disclosure of personnel files of all officers who were promoted to the rank of sergeant since 1995 instead of limiting his request to those officers who were chosen instead of him during the 1999 and 2000 promotions.

In addition the request is overly broad and contains no temporal limitations.  Production of the entire personnel files will violate the privacy rights of the officers as it would include medical records as well as other records of a sensitive nature which have absolutely no bearing upon the matters at issue in this case.  The production of the entire

personnel files would include records which were created long after the matters at issue in this case occurred and therefore could not possibly have been relied upon by the defendants in rendering their decisions concerning the plaintiff's promotion application.

2. Please produce a complete copy of all documents reviewed, referred to, relied upon, and/or considered in connection with the appointment and/or promotion to Sergeant of each individual identified in response to the foregoing interrogatory, including but not limited to relevant Town of Windsor personnel policies and procedures, relevant Windsor Police Department policies and procedures, test results, background checks, investigative reports and interview notes.

**OBJECTION:**

The defendants object to the extent that the requests seek documents that are contained in the officers' personnel files as discussed in the previous objection. The defendants also object to the extent that the plaintiff is seeking information that is irrelevant to the claims being asserted in this matter. These would include background checks, investigative reports and interview notes concerning officers who were not involved in the 1999 and 2000 sergeant promotions. The defendants further object to the production of any documents over which they do not exercise control and are the property of the Town of

Windsor or the Windsor Police Department, which are not parties to this action.  The defendants do not object to the production of relevant personnel policies and procedures of the Town of Windsor and the Windsor Police department as well as test results relating to the candidates for Sergeant promotions in 1999 and 2000 that are the subject of this action.

3. Please produce a complete copy of all documents generated in connection with the appointment and/or promotion to Sergeant of each individual identified in response to the foregoing interrogatory, including but not limited to job opening announcements, test results, background checks, investigative reports, interview notes, and payroll notices.

**OBJECTION**

The defendants object to the extent that this production request is seeking information contained in the subject officers' personnel files as discussed in connection with the objection to production request number 1.  The defendants also object to the extent that the plaintiff is seeking information that is irrelevant to the claims being asserted in this matter.  The defendants further object to any records relating to the sergeant promotions other than 1999 and 2000 as said requests are entirely irrelevant and not likely to lead to the discovery of admissible evidence.

The defendants do not object to the production of job opening announcements to the extent that the documents exist and are in the possession and control of these defendants. The defendants do not object to the production of the test results in connection with the 1999 and 2000 sergeant promotions.  The defendants do object to the production of payroll records, background checks, investigative reports and interview notes as the disclosure of such records would constitute an invasion of the employees' privacy.  Further any records that are owned or in the possession and control of the Town of Windsor or the Windsor Police Department are not the property of the defendants and this cannot be properly disclosed.

        Defendants,   Kevin Searles and
        R. Leon Churchill, Jr.


BY:_____
    James A. Mongillo
    Baio & Associates, P.C.
    15 Elm Street
    Rocky Hill, CT 06067
    Tele:. (860) 571-8880
    Fax: (860) 571-8853
    Federal Bar No. ct17514
    jmongillo@baiolaw.com
    Their Attorney

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, this 2nd day of November, 2005 to all counsel of record and pro se parties as follows:

Craig T. Dickinson, Esq.
Madser, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106

_____
James A. Mongillo

**LAW OFFICES OF BAIO & ASSOCIATES, P.C.**
15 Elm Street, Rocky Hill, CT 06067 ~ Telephone (860) 571-8880 ~ Facsimile (860) 571-8853 ~ Juris# 416580