UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RUSSELL L. WINNIGER, JR.          :
                                  :
          v.                      :     CIV. NO. 3:02cv747 (WWE)
                                  :
KEVIN SEARLES AND                 :
R. LEON CHURCHILL, JR.            :

RULING ON DEFENDANTS' OBJECTION TO PLAINTIFF'S SUPPLEMENTAL
INTERROGATORIES AND PRODUCTION REQUESTS [DOC. 86];
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER [DOC. 87];
AND DEFENDANTS' REQUEST FOR IN CAMERA REVIEW [DOC. 88]

On October 12, 2005, the Court issued a Revised Scheduling
Order allowing plaintiff to serve limited, supplemental discovery
requests on defendants.  Pursuant to that Order, plaintiff served
supplemental discovery requests on October 21, 2005.  On November
2, 2005, Defendants filed objections to these discovery requests
[Doc. 86].  Defendants also filed a motion for a protective order
[Doc. 87] and a request for in camera review [Doc. 88].  After
hearing arguments on the objections and motions on December 2,
2005, it is hereby ORDERED:

1.  As an in camera review of the personnel files at issue
was conducted by the Court immediately following the hearing,
Defendants' Request for In Camera Review [Doc. 88] is **GRANTED.**

2.  Defendants' Objections to Plaintiff's Supplemental
Interrogatories and Production Requests [Doc. 86] are **GRANTED IN
PART and DENIED IN PART.**  Town counsel will produce to counsel
for both the plaintiff and defendants copies of all documents
considered by the Police Chief of the Town of Windsor in

selecting officers for promotions to the rank of Sergeant in 1999 and 2000.  Documents produced must include, but are not limited to, all reprimands, internal investigation results and disciplinary notes/actions reflected in the candidate's file. The Town does not have to produce any officer's original employment application to the Windsor Police Department; any documents utilized in the hiring process; and any training documentation, unless this information was considered by the Police Chief in the promotion process.

For candidates promoted prior to 1999, Town counsel need only produce documents reflecting any reprimands, internal investigation results, and disciplinary notes/actions in each candidate's file.

3.   Defendant's Motion for a Protective Order [Doc. 87] is **GRANTED**.  This Protective Order shall apply to all information and documents produced from personnel files by Town counsel. Specifically,

a.   Town counsel shall label or mark all documents disclosed pursuant to this Ruling with the legend **"*Confidential - Attorneys Only, Disclosure Limited by Court Order.*"**

b.   CONFIDENTIAL MATERIALS shall be used solely for the purpose of pursuing and contesting the causes of action presented in this litigation, and not for any other purpose.

c.   Access to CONFIDENTIAL MATERIALS and their

2

dissemination shall be limited to the following, unless and until this Court rules that there may be further disclosure:

(i)    counsel of record for respective parties to this litigation, namely:

a.    attorneys for the plaintiff - Madsen, Prestley & Parenteau; Law Office of Alyssa S. Vigue; and Erin I. O'Neil-Baker, Esq., and

b.    attorneys for the defendants - Baio & Associates.

These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court on motion.

d.    Nothing in this Protective Order shall bar or otherwise restrict any counsel from rendering advice to his client with respect to this action, and, in the course of doing so, from relying in a general way upon his examination of CONFIDENTIAL MATERIALS.  However, in rendering advice, and in otherwise communicating with his client, counsel shall not disclose the contents of any CONFIDENTIAL MATERIALS.

e.    Any CONFIDENTIAL MATERIALS filed with the Court shall be provided to the Clerk of the Court in sealed envelopes prominently marked with the caption of the case and the following notice:

THIS ENVELOPE CONTAINS CONFIDENTIAL DOCUMENTS SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED OR ITS CONTENTS

3

DISPLAYED OR REVEALED EXCEPT AS DIRECTED BY THE COURT.

The Clerk of the Court is directed to maintain the confidentiality of any documents filed under this provision. Where possible, only CONFIDENTIAL portions of the filings with the Court shall be under seal.

f.   For purposes of this Protective Order, "interested person" means anyone whose CONFIDENTIAL MATERIALS have been produced in this litigation.  If, at any court proceeding, a party intends to offer into evidence any CONFIDENTIAL MATERIAL, reasonable advance notice shall be given so that any interested persons may take whatever steps they deem appropriate to preserve the materials' confidentiality.

g.   This Protective Order shall not prevent or prejudice any party from applying to the Court for appropriate relief, for further or additional protective orders, or from agreeing with the other party to a modification of the Protective Order, subject to the approval of this Court.

h.   Within sixty (60) days after final termination of this litigation, either by settlement, by expiration of the time to appeal, or after issuance of the appellate mandate after an appeal, receiving counsel of record shall either certify destruction of all CONFIDENTIAL MATERIALS including all copies, abstracts, or summaries, and documents containing information

4

taken from confidential materials (but excluding any materials which in the judgment of receiving counsel are his work product) or return them to the producing person. However, one counsel of record for each party may retain one copy of all CONFIDENTIAL MATERIALS, solely for reference in the event of a dispute over the use or dissemination of information subject to the terms of this Order or over compliance with the final judgment.  The retaining counsel of record shall secure and maintain restricted access to these CONFIDENTIAL MATERIALS.

       i.  The United States District Court for the District of Connecticut retains jurisdiction of all matters arising under this Protective Order.


       4.  Should any issues arise as a result of this Ruling, the parties shall contact the Court and request a further conference.


       SO ORDERED and entered this 2nd day of December, 2005, at Bridgeport, Connecticut.


                           /s/
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE