**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RUSSELL L. WININGER, JR.      :      CIV. ACTION NO.
      Plaintiffs,          :      3:02 CV 747 (WWE)
                     :
v.                     :
                     :
KEVIN SEARLES AND       :
R. LEON CHURCHILL, JR.    :
      Defendants        :      August 10, 2006

<u>**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S**</u>
<u>**MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT**</u>

      The defendants submit this memorandum in response to the plaintiff's Memorandum in Opposition to Summary Judgment dated July 20th, 2006.

    **A.  The Plaintiff is Unable to Demonstrate that the Defendant Searles Acted Without a "Rational Basis" in Denying the Plaintiff's Promotion**

      The plaintiff's own objection and Local Rule 56(a) Statement provide sufficient basis for the Court to grant the defendants' Summary Judgment Motion.  Under a "Class of One" equal protection claim the plaintiff must be able to plead and prove that he has been "intentionally treated differently from others similarly situated and that there is <u>no rational basis</u> for the difference in treatment." <u>Sweeney v Leone, et al</u>, 2006 WL 2246372, page 10(D. Conn.)(July 31st, 2006,Dorsey, J.)(Attached), *citing* <u>Harlan Associates v. Inc. Village of Mineola</u>, 273 F.3d 494, 499 (2d. Cir. 2001).  "A governmental official's decision can be

considered irrational only when the official acts with no legitimate reason for his or her decision." Id at 15.  "The question here is not whether defendants' actions were correct but whether there was a rational basis and/or legitimate reason for acting as they did." Id.

The plaintiff's Rule 56(a) Statement admits the following facts:

1. On August 21, 1996, the plaintiff received a verbal reprimand for demonstrating poor judgment in violation of the department's pursuit policy; (Plaintiff's Rule 56 (a) Statement, page 4);

2. On April 8, 1998 the plaintiff received a verbal reprimand for poor decision making in connection with an illegal seizure of a motor vehicle;  (Plaintiff's Rule 56 (a) Statement, page 5);

3. The plaintiff received a written reprimand dated May 21, 1999 for "troubling" judgment in leaving an assigned post without relief or permission;  (Plaintiff's Rule 56 (a) Statement, page 5);

4. On October 13, 1997 the plaintiff was again cited for poor judgment for drawing his firearm when making an apprehension for simple trespass;  (Plaintiff's Rule 56 (a) Statement, page 6);

5. On October 21, 1998 the plaintiff received another verbal warning for failure to submit an arrest warrant in a timely manner;  (Plaintiff's Rule 56 (a) Statement, page 6);

6.  The plaintiff was cited for three (3) other problem performances for incidents occurring between 1996 to 1998 and these reprimands were given by a variety of supervisors, none of whom were either of the defendants Searles or Churchill. (Plaintiff's Rule 56 (a) Statement, pages 7-8);

7.  The plaintiff's January 1998 review cites problems in decision making and judgment. (Plaintiff's Rule 56 (a) Statement, page 8).

Each of the plaintiff's admissions is accompanied by qualifying language which presumably is intended to excuse the plaintiff's conduct.  This qualifying language does not change the fact that the reprimands of the plaintiff occurred and posed questions regarding the plaintiff's judgment.

Each of these admitted facts would be sufficient in and of themselves to provide a "rational basis" for the defendants to deny the plaintiff a promotion to sergeant.  It is important to note that the plaintiff began his employment with the Town of Windsor Police Department in September of 1995.  He accumulated all of the above referenced reprimands in a period of only approximately three years prior to the 1999 Sergeant promotion examination.  It cannot be disputed that the defendants would have sufficient concerns over the plaintiff's decisions making and his performance, to provide a rational basis for denying his promotion.  In order to prevail upon his equal protection claim the plaintiff would have to

prove that there was "no legitimate reason" for Chief Searles to have denied the plaintiff a promotion to sergeant.  As the above referenced admissions indicate there were numerous legitimate reasons for the defendants to have been concerned about the plaintiff's judgment and leadership qualities and to have selected other qualified candidates instead of the plaintiff.

WHEREFORE, the plaintiff cannot possibly prevail upon his equal protection claim and the defendants' motion for summary judgment should be granted.

Defendants,   Kevin Searles and
R. Leon Churchill, Jr.


BY:_____
        James A. Mongillo
        Baio & Associates, P.C.
        15 Elm Street
        Rocky Hill, CT 06067
        Tele:. (860) 571-8880
        Fax: (860) 571-8853
        Federal Bar No. ct17514
        jmongillo@baiolaw.com
        Their Attorney

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, this 10th day of August, 2006 to all counsel of record and pro se parties as follows:

Craig T. Dickinson, Esq.
Madser, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106

_____
James A. Mongillo